# NO. 12-20-00186-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *THERESA LEE KAMKE,*<br>*APPELLANT* | § | *APPEAL FROM THE 247TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *BRIAN KELLY KAMKE,*<br>*APPELLEE* | § | *HARRIS COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

This appeal is being dismissed for failure to comply with the Texas Rules of Appellate Procedure.[1] *See* TEX. R. APP. P. 42.3(c).

A party who is not excused by statute or the appellate rules from paying costs must pay-- at the time an item is presented for filing--whatever fees are required by statute or Texas Supreme Court order. TEX. R. APP. P. 5. An appellate court may enforce Rule 5 by any order that is just. *Id*. After giving ten days' notice, an appellate court may dismiss an appeal because the appellant failed to comply with a requirement of the appellate rules, a court order, or a notice from the clerk requiring a response or other action within a specified time. TEX. R. APP. P. 42.3(c).

On July 23, 2020, Appellant, Theresa Kamke, was notified that the filing fee in this appeal is due and that the appeal would be subject to dismissal if not paid within twenty days of the July 23 notice, unless Appellant was exempt from paying the filing fee or established an inability to pay the filing fee. *See* TEX. R. APP. P. 5. On August 18, Appellant was informed that the filing fee is past due, and the appeal may be dismissed unless the fee is received on or before

---

[1] Pursuant to a docket equalization order issued by the Supreme Court of Texas on July 30, 2020, this appeal has been transferred to this Court from the First Court of Appeals in Houston, Texas.

August 28.  *See* TEX. R. APP. P. 42.3(c).  The date for remitting the filing fee passed, and Appellant has not paid the fee or otherwise shown that she is excused from paying the fee.[2]

Because Appellant failed, after notice, to comply with Rule 5, the appeal is ***dismissed***.[3] *See* TEX. R. APP. P. 42.3(c) (on its own initiative after giving ten days' notice to all parties, appellate court may dismiss appeal if appeal is subject to dismissal because appellant failed to comply with a requirement of these rules, a court order, or a notice from the clerk requiring a response or other action within a specified time).

Opinion delivered October 14, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

[2] The record does not indicate that Appellant had been declared indigent.

[3] We also note that Appellant has not filed the required docketing statement. *See* TEX. R. APP. P. 32.1.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 14, 2020**

**NO. 12-20-00186-CV**

**THERESA LEE KAMKE,**
Appellant
V.
**BRIAN KELLY KAMKE,**
Appellee

Appeal from the 247th District Court
of Harris County, Texas (Tr.Ct.No. 2017-38666)

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this Court that this appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*